## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 1:14-CR-00362-SL |
| Plaintiff, | ) |
| | ) JUDGE SARA LIOI |
| | ) |
| vs. | ) |
| | ) **DEFENDANT MARK S. FARMER'S** |
| MARK S. FARMER, | ) **MOTION IN LIMINE TO PRECLUDE** |
| | ) **EVIDENCE RELATING TO BUSINESS** |
| Defendant. | ) **75'S OFFERS TO COMPROMISE** |
| | ) |

Defendant Mark S. Farmer hereby moves for an order excluding any and all evidence of or relating to Business 75's settlement negotiations and offers to compromise, including any statements made by Business 75 concerning Mr. Farmer.

A memorandum in support of this motion is attached.

                                                                     Respectfully submitted,

Dated: June 19, 2015                         /s/ John R. Mitchell
                                                        John R. Mitchell
                                                        john.mitchell@thompsonhine.com
                                                        Matthew D. Ridings
                                                         matt.ridings@thompsonhine.com
                                                         **THOMPSON HINE LLP**
                                                        3900 Key Center
                                                        127 Public Square
                                                       Cleveland, OH 44114
                                                       Phone: 216.566.5500
                                                       Fax: 216.566.5800

                                                        *Attorneys for Defendant Mark S. Farmer*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>             Plaintiff, )<br>)<br>vs. )<br>)<br>MARK S. FARMER, )<br>)<br>             Defendant. )<br>) | CASE NO. 1:14-CR-00362-SL<br><br>JUDGE SARA LIOI<br><br>**MEMORANDUM IN SUPPORT OF**<br>**DEFENDANT MARK S. FARMER'S**<br>**MOTION IN LIMINE TO PRECLUDE**<br>**EVIDENCE RELATING TO BUSINESS**<br>**75'S OFFERS TO COMPROMISE** |

## RELEVANT BACKGROUND

Defendant Mark S. Farmer has been charged with conspiracy to commit mail fraud, wire fraud, theft of government property, and a Hobbs Act violation; and aiding and abetting mail fraud, wire fraud, theft of government property, and a violation of the Hobbs Act. (Indict., Doc. 1.) The indictment identifies Business 75 as an unindicted co-conspirator (along with William D. Montague), an unindicted participant in a scheme to defraud the federal government (along with Montague), and an unindicted aider and abettor to Montague's theft of federal government property. (*Id.*) The indictment also alleges that Farmer aided and abetted Montague's extortion of Business 75 in violation of the Hobbs Act. (*Id.*)

## LAW AND ARGUMENT

Considering that the indictment identifies Business 75 as a co-conspirator, it is likely that Business 75 has been in contact with the Government concerning its potential criminal liability. To the extent the Government has threatened Business 75 with prosecution, the Court should exclude all evidence concerning Business 75's negotiations to resolve those potential charges because offers to compromise, including "conduct or statements made in compromise

1

negotiations," are generally inadmissible. FED. R. EVID. 408(a); *see United States v. Verdoorn*, 528 F.2d 103, 107 (8th Cir. 1976) (holding that "government proposals concerning pleas should be excludable" under Rule 408 because plea bargaining is essential to the criminal justice system and "it is essential that plea negotiations remain confidential to the parties").

If evidence concerning Business 75's compromise negotiations is not excludable under Rule 408, such evidence should be excluded under Rule 403 because the danger of unfair prejudice substantially outweighs the probative value of such evidence. *See* FED. R. EVID. 403. As used in Rule 403, "unfair prejudice" means "evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986). Here, Business 75's efforts to resolve its potential liability are not probative of Farmer's guilt. Allowing evidence relating to Business 75's settlement negotiations and offers to compromise would be unfairly prejudice Mr. Farmer because such evidence would encourage the jury to infer Farmer's guilt from an improper basis: Business 75's willingness to negotiate a resolution of its potential liability. Mr. Farmer "is entitled to have the question of his guilt determined upon the evidence against him," not on evidence concerning the resolution of potential charges against others. *Baker v. United States*, 393 F.2d 604, 614 (9th Cir. 1968). Thus, the danger of unfair prejudice to Mr. Farmer substantially outweighs the probative value of evidence concerning Business 75's settlement negotiations and offers to compromise. Such evidence should be excluded.

In addition, Mr. Farmer does not know what statements concerning his conduct, if any, that Business 75 has made to the Government during settlement negotiations. To the extent Business 75 made any statements at all about Mr. Farmer, those statements are inadmissible hearsay. *See* FED. R. EVID. 801(c), 802. Their admission would infringe Mr. Farmer's Sixth Amendment right "to be confronted with the witnesses against him." U.S. CONST. AMEND. VI;

2

*see Crawford v. Washington*, 541 U.S. 36, 53-54 (2004).  Moreover, even if not hearsay, such statements should be excluded because the danger of unfair prejudice to Mr. Farmer substantially outweighs their probative value. *See* FED. R. EVID. 403.  Accordingly, any statements about or concerning Mr. Farmer made to the Government by Business 75 should be excluded.

## CONCLUSION

For all the foregoing reasons, Defendant Mark S. Farmer respectfully requests that this Court exclude any and all evidence of or related to Business 75's settlement and compromise efforts, including any statements made concerning Mr. Farmer.

Respectfully submitted,

Dated: June 19, 2015                               /s/ John R. Mitchell
                                                   John R. Mitchell
                                                   john.mitchell@thompsonhine.com
                                                   Matthew D. Ridings
                                                   matt.ridings@thompsonhine.com
                                                   **THOMPSON HINE LLP**
                                                   3900 Key Center
                                                   127 Public Square
                                                   Cleveland, OH 44114
                                                   Phone: 216.566.5500
                                                   Fax: 216.566.5800

                                                   *Attorneys for Defendant Mark S. Farmer*

**CERTIFICATE OF SERVICE**

  A copy of the foregoing *Motion in Limine* was served through the Court's electronic filing system this 19th day of June, 2015, upon the following:

  Antoinette T. Bacon, Esq.
  Assistant United States Attorney
  United States Attorney's Office for the Northern District of Ohio
  801 West Superior Avenue
  Cleveland, Ohio 44113

              /s/ John R. Mitchell
              *One of the Attorneys for*
              *Defendant Mark S. Farmer*

11894491.1